# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULINE LESLIE,<br>   Plaintiff,<br><br>   v.<br><br>SUPERIOR COURT OF<br>MASSACHUSETTS,<br>   Defendant. | Civil Action No. 17-12384-IT |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons stated below, the court grants the plaintiff's motion for leave to proceed *in forma pauperis* and dismisses the action for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction.

### I. Background

On December 5, 2017, pro se litigant Pauline Leslie filed a complaint seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 against the Superior Court of Massachusetts. *See* Complaint ("Compl."), Docket No. 1. Plaintiff's complaint recounts events surrounding plaintiff's injuries from a 2010 motor vehicle accident and the subsequent state court litigation in Suffolk Superior Court. With the complaint, Leslie filed an Application to Proceed in District Court without Prepaying Fees or Costs. *See* Application, Docket No. 3.

### II. Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that she has shown that she is without assets to pay the filing fee. Accordingly, the Court ALLOWS the motion.

### III. Screening of the Complaint

Because the plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the court liberally construes the plaintiff's complaint because she is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Additionally, where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate. *Garayalde–Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (citations and internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Given the nature of the identified jurisdictional deficiencies below, amendment would be futile.

### IV. Discussion

#### A. *Rooker-Feldman* Doctrine

This Court is without subject matter jurisdiction to entertain the functional equivalent of an appeal from a state judgment. Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008). In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008) (quoting *Exxon Mobile*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Here, Leslie is seeking review and rejection of a state court judgment on federal and state constitutional grounds. Such a challenge must be pursued in the first instance in the state courts. Where the judgment of the highest state court depends on a question of federal law, the United States Supreme Court, and not the District Court, has jurisdiction to review the judgment. *See* 28 U.S.C. § 1257.

### B. Failure to State a Claim under Section 1983

Even if the Court were able to exercise jurisdiction over this matter, the complaint would be subject to dismissal for failure to state a claim. Leslie seeks to vindicate her federal constitutional rights by bringing this action under 42 U.S.C. § 1983.[1] This statute, which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," whether the claim is pursued in state or federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, because the Superior Court is an arm of the state, *see* M.G.L. ch. 218, § 1 *et seq.*, it is not a "person" within the meaning of § 1983. The same is true of any claim against Judge Linda E. Giles acting in her official capacity.

Judge Giles, acting in her individual capacity, is a "person" for purposes of § 1983, but a § 1983 individual capacity claim against her fails for different reasons. Any claim for damages is precluded by the doctrine of absolute judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (stating that judges are immune "from liability for damages for acts committed within their judicial jurisdiction ... even when the judge is accused of acting maliciously and corruptly"). Moreover, injunctive relief against a judicial officer in a § 1983 action is only available in two narrow circumstances: "In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Although Leslie is unhappy with the judicial rulings and ultimate outcome of her case, there is no explicit or implicit suggestion that Judge Giles violated a declaratory decree or that declaratory relief was unavailable to Leslie in the underlying state court matter.

### C. Eleventh Amendment Immunity

Finally, even absent the jurisdictional bar, the Court would not be able to adjudicate several of Leslie's claims because they are barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment generally is recognized as a bar to suits in federal courts against a state, its departments, its agencies, and its officers acting in an official capacity, unless the state has consented to suit or Congress has overridden the state's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984);

---

[1] "[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983." *Arpin v.*

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). To the extent Leslie attempts to bring claims other than those under § 1983, they are barred by the Eleventh Amendment as to the Superior Court and Judge Giles acting in her official capacity. Leslie does not set forth any cause of action for which Massachusetts has waived its Eleventh Amendment immunity or Congress has overridden it. *See, e.g., Whalen v. Massachusetts Trial Ct.*, 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity).

## V. Order

Based upon the foregoing, it is hereby ORDERED that

1. The motion (Docket No. 3) for leave to proceed *in forma pauperis* is granted.

2. This action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

3. The clerk shall enter a separate order of dismissal.

**So ordered.**

/s/ Indira Talwani
Indira Talwani
United States District Judge

Dated: December 22, 2017

---

*Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).